ELSIE TASCHNER, administratrix with will annexed of estate of Leslie J. Taschner, also known as L. J. Taschner, appellee, v. IOWA ELECTRIC LIGHT AND POWER COMPANY, a corporation, appellant.

JEAN K. TASCHNER, administratrix of estate of Robert L. Taschner, appellee, v. IOWA ELECTRIC LIGHT AND POWER COMPANY, a corporation, appellant.

No. 49219.

(Reported in 86 N.W.2d 915)

DECEMBER 17, 1957.

REHEARING DENIED FEBRUARY 14, 1958.

Frank C. Byers, John F. Gaston, Jr., and Donnelly, Lynch, Lynch & Dallas, all of Cedar Rapids, for appellant.

W. Howard Smith and Wm. W. Crissman, both of Cedar Rapids, for appellees.

OLIVER, J.—Appellant, Iowa Electric Light and Power Company, which operates electric plants and transmits and distributes electric current, was granted an interlocutory appeal from an order of district court striking certain pleaded defenses, in an action against it brought by Elsie Taschner, administratrix etc. of the estate of Leslie J. Taschner, deceased, for damages for his alleged wrongful death July 19, 1955, by electrocution, and also in a similar action by Jean K. Taschner, administratrix of the estate of Robert L. Taschner, deceased. The two appeals were ordered consolidated for submission and decision.

The action for the death of Leslie J. Taschner will be considered first. Only Divisions III and V of the petition are here involved. The statement of facts in appellant's brief summarizes the material pleadings as follows:

Plaintiff alleged in Division III that plaintiff's decedent, "an employee of Cedar Rapids, Iowa, was electrocuted when a ladder which he was maneuvering, preparatory to painting a dwelling house situated outside of any city or town, came in contact with 7200 volt wires erected and maintained by defendant over and across a public highway running north and south; that said wires ran along and in close proximity to said dwelling, which dwelling was located just west of said highway and fronting thereon.

"That defendant in operating and maintaining said 7200 volt transmission wire as aforesaid was negligent and was and is presumed by law and statute (section 489.15 of the 1954 Code of Iowa) to have been negligent at said time and place."

In Division V plaintiff alleged specific acts of negligence, among which were that the defendant was negligent in:

(1) Maintaining its lines within 100 feet of a private dwelling in violation of section 489.19.

(6) Maintaining an electric transmission wire so as to unnecessarily interfere with the use and maintenance of said dwelling house by the occupant thereof in violation of section 489.17.

(7) Failing to remove and replace said wire which had become unsafe with a new wire, in violation of section 489.18.

(8) Failing to install sufficient devices to automatically

shut off electric current through said lines in violation of section 489.18.

To these allegations defendant pleaded (in Division IV of its Answer, as amended,) by way of a separate and independent defense that the electric line at the place contacted by decedent was not an electric line of the type and character referred to in chapter 489, but that the same was erected on premises of the City of Cedar Rapids, Iowa, at its request "for the sole purpose of conducting electric current from defendant's said transmission line to the airport residence property for the exclusive use of the owner and occupant of said property and was located on said property at the place authorized by the owner thereof"; that airport property was owned and maintained by the City of Cedar Rapids, Iowa, pursuant to chapter 330 of the Code; that:

"The premises upon which the decedent was working at the time of his electrocution were part of the property owned and used by the City of Cedar Rapids, Iowa, for airport purposes, such portion of said airport property having a dwelling house and machine shed situated thereon and being herein referred to as the airport residence property"; that decedent, at the time of his death, was employed by said city to paint said dwelling, and all acts and occurrences took place on said airport property; that said airport residence property was bounded on the east by the public highway referred to in plaintiff's petition; that to the east of and parallel to such highway was defendant's own private right of way upon which defendant's main electric transmission line was located; that from said main line, wires extended across said public highway to defendant's own private right of way on said airport property, and were installed pursuant to the authority of section 489.29 and under applicable regulations of the Commerce Commission; that since the enactment of chapter 489 the Commerce Commission has uniformly construed the same to be inapplicable to purely private lines such as defendant's line; that chapter 489 applies only to transmission lines outside of cities and towns which are constructed and operated pursuant to a franchise and to lines over which the State Commerce Commission has the power of supervising the construction, maintenance and operation; that under the facts alleged the

commission would have no such power and neither the commission, the board of supervisors, nor any other tribunal than the airport commission of Cedar Rapids, Iowa, would have any jurisdiction over said line at the place where decedent's electrocution occurred.

Plaintiff's motions to strike Division IV of the Answer as amended was sustained on ground 3 of the original motion and on ground 6 of Division II of the amended motion which states:

"3. That the Supreme Court of Iowa in the case of Litchford vs Iowa-Illinois Gas and Electric Co., 247 Iowa 947, 75 N.W.2d 346, has held that the applicability of section 489.15 of the Code and other provisions of chapter 489, is not limited to electric transmission lines which cross public highways or grounds outside of cities and towns, as provided in section 489.1 of the Code, and that said provisions were enacted for the protection of and are applicable to persons injured or killed, wherever they may be, by the subtle and dangerous hazards of electrical energy; accordingly, as a matter of law, the matters asserted by defendant in Division IV of its Answer are not defensive to the parts of plaintiff's Petition to which it purports to respond."

"6. That section 489.29 of the Code * * * neither expressly nor impliedly relieves defendant from its statutory requirements, duties and obligations in respect to high-tension lines, to comply with other sections of chapter 489 of the Code, nor does said section make inapplicable the presumption provided in section 489.15; that section 489.29 merely authorizes a power company to cross a public highway notwithstanding any other provisions of chapter 489, where its high-tension line is on its own, private right of way on both sides of such highway. That section 489.29 applies only to places where high-tension lines cross public highways and not to such lines extending elsewhere."

The opinion of the trial court stated:

"From Division IV of the answer as amended, it appears that the electrocution of plaintiff's decedent occurred on the premises of the Cedar Rapids Municipal Airport; that the poles and electric wires involved were placed on the property at places designated by the City, to provide electric current for the opera-

tion of the airport; that the wires referred to in plaintiff's petition, allegedly carrying the current which caused the death, were constructed and used for the sole purpose of conducting electric current from defendant's transmission line to the residence property in question, for the exclusive use of the owner and occupants thereof; that the transmission line from which the stub line to the residence ran, was located on defendant's private right of way, and was put across the highway under section 489.29.

"Assuming this factual situation, the primary question presented by the motions is whether the provisions of chapter 489, Iowa Code, 1954, are applicable. The defendant contends they are not, because such chapter applies only to lines constructed and operated thereunder, which are public as distinguished from private lines, and which are constructed under franchise for public use, and over which the State Commerce Commission has jurisdiction. Notwithstanding the force of counsels' arguments in support of this contention, the court is inclined to believe that the rulings herein are controlled by the special concurring opinion in the Litchford case, 247 Iowa 947, 75 N.W.2d 346, under which the court is required to sustain the motions to strike.

"This opinion, as the court reads it, flatly holds that section 489.15 applies to a stub line leading to private farm buildings, which stub line has been constructed pursuant to private contract with the farmer. * * * It would seem that since electric service to a private farm would be for a private purpose, that the right of eminent domain or condemnation could not have been vested in the company to construct the stub or extension line. Thus it seems to the court that the situation in the Litchford case and in the one at bar are parallel, in that each involves a stub line erected for a private purpose. The fact that in the Litchford case the main transmission line was located under a franchise, and in the instant case upon private right of way, would not seem to constitute a material distinction. We may grant that the State Commerce Commission has no jurisdiction over the stub line in question. If not, it likewise has no jurisdiction over the stub line in the Litchford case. We may further grant that the high line in question was put across the highway under section 489.29. As the court reads this section, it merely

means that the defendant would need no franchise to cross the highway under the applicable situation, so long as it followed the regulations of the State Commerce Commission in doing so. If there is any distinction from the fact that the line in question is on airport property, which·the court does not think there is, such fact would tend to make the various sections of said chapter applicable under section 489.1, and thus any such distinction would not inure to the benefit of defendant. Also, it seems to the court that the Litchford case answers defendant's contention that this is not a 'transmission' line.

"If section 489.15 applies in the instant case, then for the purposes of this motion it would follow that the other sections involved, to wit, sections 489.19, 489.17 and 489.18 also apply, ·as the answer as amended and the amended prayer thereof are based on the premise that *none* of the sections relied upon are applicable. In other words, while some of these sections ultimately may not apply, for legal or factual reasons, it will not be for the reasons set forth in the amended answer, which are common to all sections involved.

"The answer does not specifically admit that the wires in question carried the voltage claimed by plaintiff. However, the court is assuming that for the purposes of this motion. said voltage was admitted to be 7200. Moreover, since it is alleged that the wires were located at the place authorized by the owner of the building in question, this allegation would be defensive to plaintiff's claim that section 489.19 applies, and would therefore technically speaking not be vulnerable to a motion to strike. The court is ruling upon these motions from the standpoint of the broad propositions argued orally and in the briefs, his impression being that counsel desire a ruling upon the propositions submitted in argument, without resort to technical matters."

Defendant assigns two errors for reversal. The first is:

I. "The court erred in sustaining plaintiff's motion to strike Division IV of defendant's Answer * * *, and in striking said division * * * for the reason that the facts alleged in said division would, if proven, establish that the electric line contacted by plaintiff's decedent was a private line, not under the jurisdiction of the Commerce Commission or the Board of Supervisors, and, therefore, not subject to the provisions of

sections 489.15, 489.17, 489.18 or 489.19 [Code of Iowa, 1954], and accordingly constitute a complete defense to the allegations of plaintiff's petition."

The foregoing assignment of error and much of defendant's argument overlooks Code section 474.10 which states, in part:

"General jurisdiction. The [Commerce] commission shall have general supervision of * * * all lines for the transmission, sale, and distribution of electrical current for light, heat, or power, except in cities and towns."

This statute disposes of defendant's main contention that the electric line in question "was a private line, not under the jurisdiction of the Commerce Commission * * * and, therefore, not subject to the provisions of" the listed Code sections.

■ However, we will consider defendant's contention no franchise was here necessary. Section 489.1 requires a franchise for electric transmission lines "along, over, or across any public highway or grounds outside of cities and towns * * *." Defendant states "the airport property acquired under chapter 330 (Code of Iowa) is not public grounds and, therefore, not included in 489.1 * * *."

The basis for this contention appears to be that, except for its transportation facilities, the airport is not open to the public generally. In other words, defendant would interpret the statute as dividing into two classes grounds owned by the state or a public corporation existing under state laws, viz.: (1) grounds owned by the public and open to the public generally, and (2) grounds owned by the public but not open to the public generally. Were that interpretation correct a company might secure a franchise from the Commerce Commission to erect a transmission line across grounds in the first category but could not do so with reference to grounds in the second category. Such a classification would be arbitrary and illogical and would lead to unreasonable results. The language of section 489.1 does not require it and no good reason appears for it.

■ Although the term "public grounds" includes grounds for use by the general public, it is not limited to such. Code section 330.15 declares property used for an airport is devoted to a public purpose. See Abbott v. Des Moines, 230 Iowa 494, 298 N.W. 649, 138 A. L. R. 120. The term public grounds is

synonymous with public lands. In fact, section 489.2 which immediately follows 489.1, uses the language, "across any public lands". The words "public lands" appear again in section 489.3. The term public lands has been variously defined, depending upon the context, but it has never been limited to lands open to use by the public generally. Defendant's answer alleges the electric line was erected on airport premises. Therefore, it was over or across public grounds within the definition of Code section 489.1.

■ II. Another contention of defendant is that jurisdiction of the electric transmission lines, over and across the airport property, was taken from the Commerce Commission and vested exclusively with the City of Cedar Rapids by chapter 330 of the Code entitled Airports and particularly by section 330.11 as amended in 1955 by chapter 172, section 1, Acts of Fifty-sixth General Assembly, which states:

"Such cities and towns shall have the power to make and enforce ordinances, rules and regulations for control, supervision, and operation of airports. This power shall extend to * * * any airport owned * * * by any city or town outside its limits, and to the space above the same. In addition thereto, all powers granted to and exercised by cities and towns within their corporate limits are extended to municipal airports located outside said limits, but within the state of Iowa. Provided, however, that no such ordinance, rule or regulation, shall be in conflict with state law or regulation, or in conflict with federal law or regulation."

There is no merit in this contention. Chapter 330 of the Code does not expressly repeal or amend section 474.10 or chapter 489 or any part thereof. It makes no reference to these statutes, the supervision of electric transmission lines or franchise therefor. Nor did chapter 330 repeal the other statutes by implication. The rule governing such repeals is well settled.

■ It is thus stated in boldface, in 82 C. J. S., Statutes, section 291(b), page 492, "An act is not impliedly repealed because of conflict, inconsistency, or repugnancy between it and a later act unless the conflict, inconsistency, or repugnancy is plain, unavoidable, and irreconcilable." Our decisions are in

accord with this rule. Hahn v. Clayton County, 218 Iowa 543, 255 N.W. 695; Board of Trustees v. Iowa Natural Resources Council, 247 Iowa 1244, 1251, 1252, 78 N.W.2d 798, 803; State ex rel. Crowder v. Smith, 232 Iowa 254, 4 N.W.2d 267; Fowler v. Board of Trustees, 214 Iowa 395, 238 N.W. 618.

We hold a franchise under Code section 489.1 was required for the erection and operation of the electric line in the municipal airport.

III. The other error assigned by defendant is: In sustaining the Motion to Strike and "in striking said Division IV, for the reason that section 489.29 expressly renders the provisions of section 489.1 inapplicable to a line of the character of that described in the stricken division of defendant's Answer, and no other provision of said chapter 489 could have any application thereto."

Section 489.29 provides: "Nothing in this chapter shall prevent any such individual or corporation having its high tension line on its own private right of way on both sides of any highway, from crossing such public highway under such rules and regulations as the state commerce commission may prescribe, * * *."

Defendant states it pleaded its line extended from its own private right of way on one side of the highway to its own private right of way on the other side. However, it pleaded also that the wires in question were located upon the airport property at the place designated by the city, the owner of the property. Apparently, defendant now contends this designation by the city made that part of the airport, defendant's "own private right of way." However, the pleaded facts themselves do not warrant such interpretation. The airport was public property and not defendant's own private right of way. Hence, the motion to strike did not admit defendant's conclusion to the contrary. Abbott v. Des Moines, 230 Iowa 494, 498, 298 N.W. 649, 651, 138 A. L. R. 120, and citations. Moreover, the part of the high-tension line contacted by plaintiff's decedent was not the part which crossed the highway. Any effect of section 489.29 ended at the point where the line completed the crossing of the highway and would not extend to other parts of the line beyond that point. The foregoing considerations require the conclusion

section 489.29 is not here applicable and make it unnecessary to determine its effect, when applicable, upon other provisions of chapter 489.

■ IV. In this case as in Litchford v. Iowa-Illinois Gas and Electric Co., 247 Iowa 947, 75 N.W.2d 346, supra, the line in question was a high-tension line. However, in Litchford it was erected upon private property under an agreement between the landowner and defendant-company. In the case at bar the line was upon public property, outside of a city or town, under a pleaded agreement with the City of Cedar Rapids but, apparently, without a franchise, which, as we have already held, was required by section 489.1. Of course, the failure to secure a franchise for that part of its line would not make inapplicable to such part, other statutory provisions covering electric transmission lines, including among others, Code sections 489.15, 489.17, 489.18, 489.19 and 474.10.

Various other propositions, ably argued by counsel on each side, have been carefully considered but will not be discussed. For the reasons hereinbefore set out, we hold the order of the trial court sustaining plaintiff's motion to strike parts of defendant's Answer was not erroneous.

The same conclusion is reached in defendant's appeal from substantially the same order in the action of Jean K. Taschner, administratrix of the estate of Robert L. Taschner, deceased, who, while working for the City of Cedar Rapids, was electrocuted in the same accident.—Affirmed on each appeal.

HAYS, C. J., and BLISS, GARFIELD, LARSON, THOMPSON, and PETERSON, JJ., concur.