**STATE of Iowa, Appellee,**

v.

**Clark Thomas MANNION, Appellant.**

**No. 86–597.**

Supreme Court of Iowa.

Oct. 21, 1987.

---

5. See n. 3, *supra.*

Charles L. Harrington, Appellate Defender, and Michael J. Laughlin, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., Patrick McCormick, Co. Atty., and R. Allen Corzine, Asst. Co. Atty., for appellee.

HARRIS, Justice.

We affirm defendant Mannion's conviction of operating a motor vehicle while intoxicated, third offense, in violation of Iowa Code section 321.281 (1985). In doing so we reject a challenge to a ruling which allowed the jury to view, but not to hear, a videotape taken at the time of Mannion's arrest. The case is before us on further review of a court of appeals' decision which agreed with the challenge and reversed the conviction.

Police officers stopped Mannion's car after observing it weave, run a red light, and make a wide turn, almost hitting a curb. The officers suspected Mannion was intoxicated because of bloodshot eyes and alcohol-laden breath. He was taken to the police station where he submitted to and failed three sobriety tests. After being read his *Miranda* rights, Mannion refused to submit to a breath test.

The police then began to videotape Mannion. During the videotaping an officer informed him again of his *Miranda* rights. At this time Mannion requested counsel. The officer then asked Mannion whether he would perform the sobriety tests on video. Mannion refused.

Mannion was accused of operating a motor vehicle while intoxicated. Prior to trial he filed a motion to suppress any testimony relating to the videotape taken of him after he had invoked his right to counsel. The district court sustained the motion to suppress the audio portion because it contained custodial interrogation of Mannion after he had invoked his right to counsel. The trial court did allow the jury to view the videotape with the sound turned off and overruled Mannion's objection to the police officer's testimony that he had offered to videotape him performing sobriety tests.

■ I. On appeal following his conviction Mannion contends it was error to allow the officer to testify of his refusal of the offer and to allow the jury to view the videotape. Mannion thinks the result amounted to indirect testimony of his refusal to take sobriety tests in violation of his right to counsel under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).[1] He also claims a viola-

---

1. In the last sentence of his brief defendant states that his right to counsel under the sixth amendment to the United States Constitution was also violated. Defendant's sixth amend-

tion of his privilege against self-incrimination.

Mannion's self-incrimination argument presupposes that evidence of his refusal to perform sobriety tests before the camera is evidence of conduct communicating a state of mind. He contends the use of the visual portion of the videotape following the officer's testimony compelled him to condemn himself by communicating a refusal to take the test, in violation of the fifth amendment. *See State v. Green,* 68 Or.App. 518, 684 P.2d 575, 577 (1984) (holding that evidence of defendant's refusal to perform sobriety tests compels defendant to testify against himself), overruled on other grounds in *State v. Panichello,* 71 Or.App. 519, 692 P.2d 720, 723 (Or.App.1984).

Standing alone, in the absence of any evidence of Mannion's refusal, the videotape was admissible as physical, rather than testimonial, evidence. It does not violate the fifth amendment to compel physical, or real, evidence from an accused. *Schmerber v. California,* 384 U.S. 757, 760–61, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908, 914 (1966). In *State v. Heisdorffer,* 164 N.W.2d 173, 176 (Iowa 1969), we held that a policeman's observations of a suspect's performance of sobriety tests at the police station after arrest constituted real rather than communicative evidence and did not violate the suspect's privilege against self-incrimination. Because an officer may testify of his observations of a suspect's movements, we think a videotape of those movements is also admissible.

II. But Mannion contends the addition of the officer's testimony shifts the nature of the videotape from physical evidence to communicative evidence, a contention we need not and do not decide. If the videotape remained physical evidence, there was no fifth amendment violation in compelling its production. *Schmerber,* 384 U.S. at 760–61, 86 S.Ct. at 1832, 16 L.Ed.2d at 914. If, on the other hand, we accept Mannion's contention that the officer's testimony caused the videotape to become communicative evidence there was still no fifth amendment violation because the evidence was not improperly compelled.

*South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), involved chemical tests incident to an arrest for operating a motor vehicle while intoxicated. The court held:

> The values behind the fifth amendment are not hindered when the State offers a suspect a choice of submitting to the blood alcohol test or having his refusal used against him. The blood alcohol test is so safe, painless and commonplace ... that the state could legitimately compel the suspect, against his will, to accede to the test. Given, then, that the offer of taking a blood alcohol test is clearly legitimate, the action becomes no *less* legitimate when the State offers a second option of refusing the test, with the attendant penalties for making that choice.

*Id.* at 563, 103 S.Ct. at 922, 74 L.Ed.2d at 758–59 (emphasis in original).

Taken together, *Schmerber* and *Neville* provide an answer to Mannion's fifth amendment challenge. *Schmerber* allows the conducting of field sobriety tests and also the videotaping of those tests. Under *Neville* Mannion was not improperly compelled to submit to the tests.[2] The fifth amendment challenge is without merit.

ment claim is without merit. A person is entitled to the help of a lawyer under the sixth amendment after the time the judicial proceedings have been initiated against him—"whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Brewer v. Williams,* 430 U.S. 387, 398, 97 S.Ct. 1232, 1239, 51 L.Ed.2d 426, 436 (1977) (quoting *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411, 417 (1972)). The arrest warrant and information were filed several days after Mannion stated he would not perform the field sobriety tests on videotape (App. pp. 1, 3). Because judicial proceedings had not been initiated at the time Mannion appeared on videotape, he was not yet entitled to counsel under the sixth amendment.

2. Under these holdings one might speculate whether the audio portion of the videotape might also have been admissible. Because of the posture of this case this is a question we need not and do not decide.

III. The next issue is whether Mannion's right to counsel was violated under *Miranda*. Mannion argues that, even if the officer's testimony and the videotape did not amount to compulsory self-incrimination, his right to counsel under *Miranda* was violated. An accused who has requested counsel may not thereafter be subjected to custodial interrogation. *Miranda*, 384 U.S. at 444–45, 86 S.Ct. at 1612, 16 L.Ed.2d at 707.

This argument also fails. In *Neville* the court said "in the context of an arrest for driving while intoxicated, a police inquiry of whether a suspect will take a blood alcohol test is not an interrogation within the meaning of *Miranda*." 459 U.S. at 564 n. 15, 103 S.Ct. at 923 n. 15, 74 L.Ed.2d at 759 n. 15; *see also State v. Stroud*, 314 N.W.2d 437 (Iowa 1982). Such a police inquiry normally attends to arrest and custody and is similar to a police request to submit to fingerprinting or photographing. *Neville*, 459 U.S. at 564 n. 15, 103 S.Ct. at 923 n. 15, 74 L.Ed.2d at 759 n. 15. Such a police inquiry is closely regulated by state law and is presented in virtually the same words to all suspects. *Id*. Because there is no interrogation the defendant's choice of refusal enjoys no *Miranda* protection outside the basic fifth amendment protection. *Id*.

We find no reason to hold a request to perform sobriety tests is any more of an interrogation than a request to submit to blood tests. Asking a person arrested for driving while intoxicated to perform field sobriety tests is "normally attendant" to such an arrest, similar to a request to submit to fingerprinting or photographing.

We find no violation of Mannion's right to counsel under *Miranda*.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.

All Justices concur except SNELL, J., who takes no part.