STATE of Iowa, Plaintiff–Appellant,

v.

**Lowell Eugene MARKS, Defendant–Appellee.**

No. 01–1066.

Court of Appeals of Iowa.

March 27, 2002.

**36**

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Thomas S. Mullin, County Attorney, and Brigit Barnes, Assistant County Attorney, for appellant.

Jack Faith, Sioux City, for appellee.

Considered by VOGEL, P.J., and MILLER and EISENHAUER, JJ.

VOGEL, P.J.

The district court ruled that Lowell Marks' field sobriety tests and Intoxilyzer test results should be suppressed as the former was given under threat of arrest and the latter conducted without reasonable grounds to invoke implied consent. The State was granted discretionary review and appeals both suppressions. We reverse.

***Background facts.*** At approximately 2:00 a.m. on May 11, 2000, Officer Fleckenstein observed a speeding vehicle driven by Marks. The officer stopped the car and asked Marks to produce his driver's license, registration, and proof of insurance. During that discourse, Officer Fleckenstein smelled an odor of alcohol and noticed Marks had bloodshot and watery eyes. Marks admitted he had consumed, "a couple, maybe three" beers. The officer asked Marks to perform some field sobriety tests, which Marks refused, because he requested his attorney be present. The officer informed Marks that he would arrest him unless he chose to perform the tests and that following an arrest, he would be allowed to contact his attorney. Marks eventually agreed to perform the tests, but failed all administered. Marks then refused to give a preliminary breath sample and was arrested. Prior to submitting to the Intoxilyzer breath test, Marks was allowed to and did consult with an attorney. The Intoxilyzer test result was .134, and Marks was charged with operating while intoxicated in violation of Iowa Code section 321J.2 (1999).

***District court ruling.*** The district court ruled the results of the field sobriety tests should be suppressed because the officer told Marks he would arrest him if he did not agree to perform the tests. The court found this to be coercive and therefore Marks' consent was involuntary. The State filed a motion to reconsider arguing the district court's decision turned on the voluntariness of Mark's consent rather than the Fourth or Fifth Amend-

ment issues raised by Marks in his motion to suppress. The district court, without addressing the State's assertions, entered a subsequent ruling affirming its prior decision to suppress the field sobriety tests based on the involuntariness of the consent. It then went a step further and suppressed the results of the Intoxilyzer test, concluding that without the results of the field sobriety tests, the officer lacked reasonable grounds to invoke implied consent.

On appeal the State again asserts the district court erred by elevating non-testimonial evidence, field sobriety testing, into testimonial evidence with attendant Fifth Amendment protections against self-incrimination. It also asserts no Fourth Amendment violations occurred. We agree with the State on both points and therefore conclude the district court erred in suppressing the field sobriety·tests and Intoxilyzer results.

***Standard of Review.*** In assessing alleged violations of constitutional rights, our standard of review is ·de novo; we make an independent evaluation of the totality of the circumstances as shown by the entire record. *State v. Howard,* 509 N.W.2d 764, 767 (Iowa 1993).

■ ***Fifth Amendment.*** The Fifth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment, provides that no person, "shall be compelled in any criminal case to be a witness against himself". U.S. Const. Amend. V. However, this protection is only afforded to testimonial as opposed to non-testimonial evidence. *State v. Rauhauser,* 272 N.W.2d 432, 437 (Iowa 1978) (citing *State v. Sefcheck,* 261 Iowa 1159, 157 N.W.2d 128, 135 (Iowa 1968)). The results of a field sobriety test are not testimonial evidence. *Rauhauser,* 272 N.W.2d at 437. In *State v. Krebs* the court explained the use of such tests.

Field sobriety tests are used by peace officers to determine whether there are reasonable grounds to believe a person is intoxicated. These tests are part of an officer's investigation to determine if a criminal offense has occurred. At this point in the investigation, the defendant is merely being detained by the officer, not restrained of his liberty. *See Berkemer v. McCarty,* 468, U.S. 420, 441–42, 104 S.Ct. 3138, 3151–52, 82 L.Ed.2d 317, 335–36 (1984) (requesting motorist to perform field sobriety tests was not the functional equivalent of formal arrest requiring *Miranda*).

*State v. Krebs,* 562 N.W.2d 423, 426 (Iowa 1997).

■ Furthermore, requesting a person to provide non-testimonial evidence does not lead to a Fifth Amendment violation. *Rauhauser* 272 N.W.2d. at 436 (stating the Fifth Amendment does not extend to "protect an accused from the compulsory display of measurable or identifiable physical characteristics"). There is no requirement that a person be afforded Fifth Amendment protections found in the *Miranda* warnings when asked to supply non-testimonial evidence. *State v. Mannion* 414 N.W.2d 119, 122 (Iowa 1987).

■ Finally, and in direct contrast to the district court's ruling, requiring a person to submit to a field sobriety test or face the consequence of being arrested, is not a coercive, prohibited tactic. See *State v. Mannion,* 414 N.W.2d at 121 (citing *South Dakota ̣ v. Neville,* 459, U.S. 553, 562–64, 563 103 S.Ct. 916, 922, 74 L.Ed.2d 748, 758–59 (1983)).

Therefore, Marks' argument that the officer's threat to arrest him rendered his submission to the field sobriety tests involuntary and therefore violated his Fifth Amendment privilege against self-incrimination is without merit. The district court erred in its conclusion elevating the results

of a field sobriety test to testimonial evidence.

**Fourth Amendment.** We also disagree with the district court's conclusion the State violated Marks' Fourth Amendment guarantee to be free from unreasonable search and seizure. Marks was stopped when Officer Fleckenstein, using both his radar equipment and general observations, determined Marks was exceeding the speed limit. The officer, upon detecting an odor of alcohol, watery, bloodshot eyes, and having Marks admit to consuming some beer, had reasonable cause to believe Marks had been driving while intoxicated. *See Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906–07 (1968) ("a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest."). When an officer has reasonable cause to believe a driver is operating while intoxicated, a suspect may be briefly detained, asked to perform field sobriety tests and comply with other investigatory requests, without violating the suspect's Fourth Amendment rights. *State v. Stevens*, 394 N.W.2d 388, 391 (Iowa 1986) (stating officer with reasonable cause to believe defendant was intoxicated could request defendant perform dexterity tests to determine whether there was probable cause to arrest).

The district court erred in suppressing the results of the field sobriety tests and Intoxilyzer test. The officer properly requested and gave the field sobriety tests and possessed reasonable grounds to invoke implied consent. We therefore reverse and remand for further proceedings.

**REVERSED AND REMANDED.**