# IN THE SUPREME COURT OF IOWA

No. 12–0647

Filed December 6, 2013

**IN RE THE DETENTION OF ANTHONY GELTZ**

**ANTHONY GELTZ,**

Appellant.

---

Appeal from the Iowa District Court for Clinton County, David H. Sivright Jr., Judge.

Respondent appeals his adjudication and civil commitment as a sexually violent predator. **REVERSED AND REMANDED FOR DISMISSAL.**

Michael H. Adams, Chief Public Defender, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and John B. McCormally, Assistant Attorney General, for appellee.

**WATERMAN, Justice.**

This appeal presents the narrow question of whether a juvenile adjudication of delinquency on a charge of sexual abuse can serve as a predicate conviction to adjudicate the offender as a "sexually violent predator" (SVP) under Iowa Code section 229A.2(11) (2011). The district court ordered Anthony Geltz, then age eighteen, confined as an SVP at the Civil Commitment Unit for Sexual Offenders at the Cherokee Mental Health Institute, based on an offense Geltz committed at age fourteen. Geltz was charged as a juvenile and adjudicated delinquent for that offense in 2008, but has never had an adult conviction. He cannot be committed as an SVP without a qualifying prior conviction.

We must apply unambiguous operative statutory language as written without second-guessing the policy choices of the legislature. Iowa Code section 232.55(1) expressly provides that a juvenile adjudication "shall not be deemed a conviction of a crime," and chapter 229A nowhere states that a juvenile adjudication can substitute for the predicate conviction required to commit an offender as an SVP. As further explained below, other Code provisions explicitly mention both convictions and juvenile adjudications together when the legislature chooses to impose the same consequences for each category of offense. Accordingly, we hold that a juvenile adjudication does not constitute a conviction within the meaning of section 229A.2(11). We therefore reverse the judgment and order of the district court that committed Geltz as an SVP.

## I. Background Facts and Proceedings.

Geltz was born in 1993. As a child, he was sexually abused by his mentally handicapped sister and by two adult men, one of whom lived in the family home. Geltz in turn abused his stepsister and other

neighborhood children. At age twelve, Geltz was sent to live at the Annie Wittenmyer Home in Davenport. Two years later, Geltz escaped from Wittenmyer and went to a Chuck E. Cheese's® restaurant, where he sexually abused a child. Geltz was prosecuted as a juvenile and adjudicated delinquent for sexual abuse in the second degree. He was placed in the State Training School for Boys in Eldora and has remained institutionalized. At Eldora, he was disciplined a dozen times for infractions involving sexual misconduct.

After Geltz turned eighteen, the State petitioned on June 7, 2011, to have him declared an SVP. After hearing conflicting expert testimony, the district court evaluated Geltz under Iowa Code section 229A.2(11), which defines "sexually violent predator" as

> a person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility.

The district court ruled Geltz's juvenile adjudication constituted a conviction and found he is an SVP. The district court therefore ordered him committed to the Cherokee facility. This appeal followed.

## II. Scope of Review.

Geltz raises one issue in his appeal: whether the district court erred by ruling that his juvenile adjudication constitutes a conviction within the meaning of section 229A.2(11). We review the district court's construction of this chapter for correction of errors at law. *In re Det. of Swanson*, 668 N.W.2d 570, 575 (Iowa 2003).

## III. Analysis.

Geltz argues that Iowa Code section 232.55(1) prohibits the State from using his juvenile adjudication as the conviction required under

section 229A.2(11). The State argues that the term "convicted" in Iowa Code section 229A.2(11) should be read broadly to include juvenile adjudications. We must decide this question of first impression as to the meaning of "convicted" in section 229A.2(11).

When interpreting chapter 229A and related statutes, "our primary goal is to give effect to the intent of the legislature." *In re Det. of Betsworth,* 711 N.W.2d 280, 283 (Iowa 2006). We look "first and foremost to the language it chose in creating the act." *Swanson,* 668 N.W.2d at 574. "We read the statute as a whole and give it its plain and obvious meaning, a sensible and logical construction, which does not create an impractical or absurd result." *Id.* (citation and internal quotation marks omitted). " 'If more than one statute relating to the subject matter at issue is relevant to the inquiry, we consider all the statutes together in an effort to harmonize them.' " *Kolzow v. State*, 813 N.W.2d 731, 736 (Iowa 2012) (quoting *State v. Carpenter*, 616 N.W.2d 540, 542 (Iowa 2000)).

We begin with the history of chapter 229A. In 1998, the Iowa legislature enacted a new chapter entitled "Commitment of Sexually Violent Predators," placed within the Code subtitle pertaining to mental health. *See* 1998 Iowa Acts ch. 1171 (codified as amended at Iowa Code ch. 229A (1999)). The legislative findings in chapter 229A state:

> The general assembly finds that a small but extremely dangerous group of sexually violent predators exists which is made up of persons who do not have a mental disease or defect that renders them appropriate for involuntary treatment pursuant to the treatment provisions for mentally ill persons under chapter 229 . . . . The general assembly finds that sexually violent predators' likelihood of engaging in repeat acts of predatory sexual violence is high and that the existing involuntary commitment procedure under chapter 229 is inadequate to address the risk these sexually violent predators pose to society.

> The general assembly further finds that the prognosis for rehabilitating sexually violent predators in a prison setting is poor . . . . Therefore, the general assembly finds that a civil commitment procedure for the long-term care and treatment of the sexually violent predator is necessary. . . . The procedures should . . . reflect the need to protect the public, to respect the needs of the victims of sexually violent offenses, and to encourage full, meaningful participation of sexually violent predators in treatment programs.

Iowa Code § 229A.1 (2011). We have recognized these findings "reveal the legislature's intent in creating the act: to ensure public safety and to provide 'treatment of the committed individual rather than punishment.' " *Swanson*, 668 N.W.2d at 576 (quoting *In re Det. of Garren*, 620 N.W.2d 275, 280 (Iowa 2000)). "This legislative intent guides our resolution of the issues presented." *Id.*; *see also In re Det. of Blaise*, 830 N.W.2d 310, 318, 322 (Iowa 2013) (analyzing section 229A.2(10)(*g*) in light of the legislative intent expressed in section 229A.1).

The State argues the commitment of Geltz under chapter 229A furthers the legislative goals of protecting the public and ensuring he gets the long-term treatment he needs. The State notes that Geltz is now an adult and the SVP definition is based on behavior and mental state rather than age. The State predicts that upon his release from his current detention, Geltz will promptly reoffend. We share that concern, but are constrained by the language of the statutes. " 'Ours not to reason why, ours but to read, and apply. It is our duty to accept the law as the legislative body enacts it.' " *Anderson v. State*, 801 N.W.2d 1, 1 (Iowa 2011) (quoting *Holland v. State*, 253 Iowa 1006, 1011, 115 N.W.2d 161, 164 (1962)).

Against this backdrop, we focus now on the operative statutory language. Section 229A.2(11) defines "sexually violent predator" as

> a person who has been *convicted* of or charged with a sexually violent offense and who suffers from a mental

abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility.

Iowa Code § 229A.2(11) (emphasis added). The parties disagree on the meaning of the term "convicted" in this definition.[1] As we have previously recognized, " 'conviction' may have different meanings within different contexts." *State v. Kluesner*, 389 N.W.2d 370, 372 (Iowa 1986); *see also State v. Hanna*, 179 N.W.2d 503, 507 (Iowa 1970) ("The word 'conviction' is of equivocal meaning, and its use in a statute presents a question of legislative intent.").

We read the SVP statute in tandem with Iowa Code section 232.55(1). Found in the juvenile justice chapter of the Iowa Code, section 232.55 is entitled, "Effect of adjudication and disposition." Subsection 1 states:

An adjudication or disposition in a proceeding under this division shall not be deemed a conviction of a crime and shall not impose any civil disabilities or operate to disqualify the child in any civil service application or appointment.

Iowa Code § 232.55(1). This subsection was enacted in 1978. *See* 1978 Iowa Acts ch. 1088, § 35 (codified at Iowa Code § 232.55 (1979)). Geltz argues that section 232.55(1) applies generally to limit the definition of "convicted" in chapter 229A to exclude juvenile adjudications. We agree.

The plain language of section 232.55(1) unambiguously provides that juvenile adjudications are not convictions. "When a statute is plain and its meaning clear, courts are not permitted to search for meaning beyond its express terms." *State v. Chang*, 587 N.W.2d 459, 461 (Iowa

---

[1]The State does not contend Geltz can be classified an SVP under the "or charged with" alternative in section 229A.2(11). Section 229A.4(2) provides that without a conviction, someone merely "charged with . . . a sexually violent offense" can be committed under this chapter only if found insane or incompetent to stand trial. Iowa Code § 229A.4(2)(*b*)–(*c*) (2011). Geltz was not found insane or incompetent to stand trial.

1998).  Interpreting the term "convicted" in section 229A.2(11) to include juvenile adjudications would contradict the statutory command of section 232.55(1).  We must read section 229A.2(11) together with 232.55(1), and we hold juvenile adjudications are not convictions for the purposes of committing an individual as an SVP.  *See Christiansen v. Iowa Bd. of Educ. Exam'rs*, 831 N.W.2d 179, 189 (Iowa 2013) ("[T]he more specific provision controls over the general provision."); *State v. Rauhauser*, 272 N.W.2d 432, 434 (Iowa 1978) ("[S]tatutes will be construed in such a manner as to be consistent with each other.").

The State nevertheless cites our caselaw interpreting the term "conviction" broadly under certain circumstances, arguing such a broad interpretation is appropriate here.  "While we have construed the word 'conviction' to have a relatively narrow and technical meaning where it appears in statutes used to enhance punishment, we have accepted a broader definition when protection of the public has been at stake." *Kluesner*, 389 N.W.2d at 372.  Of course, protection of the public is a key goal of chapter 229A.

We have interpreted "conviction" to include deferred judgments in several cases—each of which involved an *adult* defendant who entered a guilty plea.  *See, e.g.*, *State v. Tong*, 805 N.W.2d 599, 603 (Iowa 2011) ("[A] deferred judgment constitutes a conviction for purposes of [the felon in possession statute,] where the defendant (as here) has not completed his term of probation."); *Schilling v. Iowa Dep't of Transp.*, 646 N.W.2d 69, 73 (Iowa 2002) (holding deferred judgment constitutes a conviction for driver's license revocation purposes); *Kluesner*, 389 N.W.2d at 372 (holding deferred judgment is a conviction for purposes of restitution law).  None of these cases involved a juvenile adjudication.  Our cases that broadly construe "conviction" to include deferred judgments for

adult offenses are inapposite here in light of section 232.55(1), which expressly provides that juvenile adjudications are not convictions. "[W]e are bound to follow the legislature's definitions and may not add words or change terms under the guise of judicial construction." *Iowa Dep't of Transp. v. Soward*, 650 N.W.2d 569, 571 (Iowa 2002) (citation and internal quotation marks omitted).

We also reject the State's argument that section 232.55(1), enacted in 1978, should not apply to limit the term "convicted" as used in chapter 229A, enacted twenty years later. The State accurately asserts the 1978 legislature that enacted section 232.55(1) did not contemplate how to define an SVP. The problem with the State's position is that we must presume that the 1998 legislature, as it enacted chapter 229A, was aware of the existing Code provision providing that juvenile adjudications do not constitute convictions. *Cf. Rauhauser*, 272 N.W.2d at 434 ("The legislature is presumed to know the existing state of the law at the time of the enactment of a new statute."). The legislature has amended section 229A.2(11) numerous times and yet has not chosen to revise the definition of "sexually violent predator" to include juvenile adjudications.

The State next contends it is significant that juvenile adjudications are considered convictions for the purposes of the sex offender registry chapter. *See* Iowa Code § 692A.101(7) (2011). In the sex offender registry chapter, "convicted" is defined to mean

> found guilty of, pleads guilty to, or is sentenced or adjudicated delinquent for an act which is an indictable offense in this state or in another jurisdiction including in a federal, military, tribal, or foreign court, including but not limited to a juvenile who has been adjudicated delinquent, but whose juvenile court records have been sealed under section 232.150, and a person who has received a deferred sentence or a deferred judgment or has been acquitted by reason of insanity.

*Id.* The State argues that, because the sex offender registry and the SVP statute serve "nearly identical" purposes, we should read the definition of "convicted" from chapter 692A into chapter 229A. *See State v. Finders*, 743 N.W.2d 546, 549 (Iowa 2008) (noting purpose of sex offender registry "is to reduce the high risk of recidivism posed by sex offenders").

We conclude the State's argument cuts against its position. The sex offender registry provision illustrates that the legislature is aware that the term "convicted" does not include juvenile adjudications, and for that reason, section 692A.101(7) expressly mentions juvenile adjudications as an additional trigger for registration requirements. By contrast, section 229A.2(11) makes no mention of juvenile adjudications. Our conclusion is reinforced by a number of other statutes in the Code in which the legislature expressly includes the term "juvenile adjudication" in addition to "conviction" in order to provide the same collateral consequences for both.[2] A notable example is Iowa Code section 724.26(1), which prohibits the possession of a firearm by "[a] person who is convicted of a felony in a state or federal court, or who is adjudicated delinquent on the basis of conduct that would constitute a felony if

---

[2]*See, e.g.*, Iowa Code Ann. § 81.2(1), (4) (West, Westlaw through 2013 Reg. Sess.) (effective July 1, 2014) (requiring certain individuals to submit DNA samples, with separate subsections for those with convictions and those adjudicated delinquent); Iowa Code § 321.213 (2011) (applying to license suspensions, stating "[n]otwithstanding section 232.55, a final adjudication in a juvenile court . . . constitutes a final conviction . . . ."); *id.* § 670A.1(2) ("As used in [the forcible felon liability] chapter, . . . *'[c]onvicted'* means a finding of guilt, irrespective of imposition or execution of any sentence; a final and valid admission of guilt or a guilty plea; an entry of judgment of conviction; an adjudication of delinquency . . . ."); *id.* § 901A.1(2) ("As used in [the sexually predatory offenses] chapter, the term *'prior conviction'* includes a plea of guilty, deferred judgment, deferred or suspended sentence, or adjudication of delinquency . . . ."); *id.* § 915.42 (requiring, under certain conditions, those convicted or adjudicated delinquent for sexual assault to submit to an HIV test); *see also State v. Schweitzer*, 646 N.W.2d 117, 120 (Iowa Ct. App. 2002) ("We believe that section 321.213 carves out a specific exception to the general rule set forth in section 232.55 prohibiting a juvenile adjudication from being later used in an adult criminal proceeding.").

committed by an adult." This subsection did not originally mention juvenile adjudication, but only included "[a]ny person who is convicted of a felony in any state or federal court." 1976 Iowa Acts ch. 1245, § 2426 (codified at Iowa Code § 724.26 (1979)). The legislature added the juvenile adjudication language in 1997. *See* 1997 Iowa Acts ch. 126, § 47 (codified at Iowa Code § 724.26 (1999)).

We find these differences in statutory language significant. *Cf. State v. Oliver*, 812 N.W.2d 636, 647 (Iowa 2012) (noting "only a conviction or deferred judgment will trigger section 902.14 [to enhance a sentence], not an adjudication of juvenile delinquency"). The legislature's failure to explicitly include a juvenile adjudication as a basis for an SVP commitment when that term appears in other statutes is itself evidence of legislative intent to omit such offenses from chapter 229A. *Cf. Oyens Feed & Supply, Inc. v. Primebank*, 808 N.W.2d 186, 194 (Iowa 2011) (reasoning that legislature's omission of a phrase selectively incorporated in related provisions showed omission was intended). If the legislature wished to base an SVP commitment on a juvenile adjudication, it would have expressly included that term in section 229A.2(11), as it did elsewhere.

Additional statutory language in chapter 229A confirms that the legislature intended only to use an adult conviction to commit an SVP. The legislative findings state "the prognosis for rehabilitating sexually violent predators in a *prison setting* is poor, because . . . the treatment modalities for this population are very different from the traditional treatment modalities available in a *prison setting*." Iowa Code § 229A.1 (2011) (emphasis added). Section 229A.3 then provides that the SVP assessment process begins at least ninety days prior to

> [t]he anticipated discharge of a person who has been convicted of a sexually violent offense from total confinement, except that in the case of a person who is returned to *prison* for no more than ninety days as a result of revocation of parole, written notice shall be given as soon as practicable following the person's readmission to *prison.*

*Id.* § 229A.3(1)(*a*) (emphasis added). Juveniles who are adjudicated delinquent do not serve time in prison, they may be sent to detention or shelter care facilities. *See* Iowa Code §§ 232.44, .47(11), .52. Reading the SVP chapter as a whole, the references to prison—without any mention of juvenile facilities—show the legislature developed the SVP commitment process to detain and treat adult offenders who reach the end of their criminal sentences, not juveniles who age out of state facilities.

Our holding today is in accord with appellate decisions interpreting similar statutes. In *United States v. Huggins*, the Third Circuit applied a similar analysis to hold that a Pennsylvania juvenile adjudication did not constitute a "prior conviction" to enhance the sentence of a repeat drug offender. 467 F.3d 359, 361–62 (3d Cir. 2006). The *Huggins* court noted that under the applicable Pennsylvania Juvenile Act, the adjudication of delinquency is not considered to be a conviction. *Id.* at 361 (citing 42 Pa. Cons. Stat. § 6354(a) (2004)). The court further noted that Congress expressly mentions juvenile adjudications in certain statutes, but not the one at issue. *Id.* at 361. Accordingly, the court declined to consider the defendant's juvenile adjudication to enhance his federal sentence. *Id.* at 362.

The supreme courts of Arkansas, Florida, and Kansas have reached similar conclusions. In *State v. J.M.*, 824 So. 2d 105, 110 (Fla. 2002), the Florida Supreme Court was presented with a juvenile justice statute much like Iowa Code section 232.55(1). That statute read,

" 'Adjudication of delinquency shall not be deemed a conviction, nor shall it operate to impose any of the civil disabilities ordinarily resulting from a conviction.' " *Id.* (emphasis omitted) (quoting Fla. Stat. § 985.233(4)(b) (1999)). Accordingly, the Florida Supreme Court held that "an adjudication of delinquency does not trigger the sexual predator status provisions of the Predator Act" because "upon a plain reading of the controlling statutes, it is apparent that an adjudication of delinquency does not fall under the definition of a felony criminal conviction required under the Act." *Id.*

The Arkansas Supreme Court reasoned that a defendant could not be classified as an habitual child sex offender because his juvenile adjudication could not be considered a "conviction" for the purposes of that statute. *Snyder v. State*, 965 S.W.2d 121, 124 (Ark. 1998). The court noted, "[t]he General Assembly has recognized that there is a difference between a conviction and an adjudication." *Id.*

Likewise, the Kansas Supreme Court concluded that juvenile adjudications cannot be considered in determining whether an individual is a "persistent sex offender," emphasizing that "when [the legislature] wants to include juvenile adjudications as a consideration, it is perfectly capable of doing so explicitly." *State v. Boyer*, 209 P.3d 705, 711 (Kan. 2009) (pointing to another statutory provision in which the legislature specifically included juvenile adjudications).

We recognize that other state legislatures have chosen to include juvenile adjudications as a ground to commit sex offenders.[3] Doing so

---

[3]*See, e.g.*, Fla. Stat. § 394.912(2) (2013) (" 'Convicted of a sexually violent offense' means a person who has been . . . [a]djudicated delinquent of a sexually violent offense after a trial, guilty plea, or plea of nolo contendere."); 725 Ill. Comp. Stat. 207/5(f) (2013) (" 'Sexually violent person' means a person who has been convicted of a sexually violent offense, [or] has been adjudicated delinquent for a sexually violent offense . . . ."); 42 Pa. Cons. Stat. § 6401 (2013) ("This chapter establishes rights and

makes sense from the standpoint of public safety. *See Schall v. Martin*, 467 U.S. 253, 264, 104 S. Ct. 2403, 2410, 81 L. Ed. 2d 207, 217 (1984) ("[C]rime prevention is a 'weighty social objective,' and this interest persists undiluted in the juvenile context." (quoting *Brown v. Texas*, 443 U.S. 47, 52, 99 S. Ct. 2637, 2641, 61 L. Ed. 2d 357, 363 (1979))). Yet, there are also differences between juvenile and adult offenders that rationally explain the legislature's decision to treat juvenile adjudications differently than convictions. *See Roper v. Simmons*, 543 U.S. 551, 570, 125 S. Ct. 1183, 1195, 161 L. Ed. 2d 1, 22 (2005) ("[T]he character of a juvenile is not as well formed as that of an adult. The personality traits of juveniles are more transitory, less fixed."); *Oliver*, 812 N.W.2d at 647 ("By limiting section 902.14 to convictions as opposed to adjudications of delinquency, the legislature has attempted to avoid enhancing the punishment of less culpable offenders.").

While there are sound policy reasons to include juvenile adjudications with convictions for the commitment of SVPs to protect the public and ensure treatment of youthful offenders who otherwise may be doomed to reoffend, "[p]olicy arguments to amend the statute should be directed to the legislature." *In re Estate of Whalen*, 827 N.W.2d 184, 194 (Iowa 2013). We cannot judicially revise the Iowa Code in the guise of interpretation. *See id.* "[W]e are bound by what the legislature said, not

_____

procedures for the civil commitment of sexually violent delinquent children . . . ."); S.C. Code Ann. § 44-48-30(6) (2012) (" 'Convicted of a sexually violent offense' means a person has . . . been adjudicated delinquent as a result of the commission of a sexually violent offense."); Wash. Rev. Code § 71.09.030(1) (2013) ("A petition may be filed alleging that a person is a sexually violent predator and stating sufficient facts to support such allegation when it appears that . . . a person found to have committed a sexually violent offense as a juvenile is about to be released from total confinement."); Wis. Stat. § 980.02(2) (2013) ("A petition filed under this section shall allege that all of the following apply to the person alleged to be a sexually violent person: . . . The person has been found delinquent for a sexually violent offense.").

by what it should or might have said." *Soward*, 650 N.W.2d at 571. We must apply the statutory language as written and, therefore, hold Geltz cannot be committed as an SVP solely on the basis of his juvenile adjudication for the offense he committed at age fourteen.

**IV.  Disposition.**

For these reasons, we reverse the judgment and order of the district court that committed Geltz as an SVP. We remand this case for an order dismissing the State's petition.

**REVERSED AND REMANDED FOR DISMISSAL.**