# IN THE COURT OF APPEALS OF IOWA

No. 12-2284
Filed April 30, 2014

**IN RE THE DETENTION OF**
**JACOB TROY WATERS,**

**JACOB TROY WATERS,**
          Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Hardin County, Steven J. Oeth, Judge.

        Respondent appeals the district court decision denying his motions to dismiss and for summary judgment on the State's allegation he was a sexually violent predator. **REVERSED AND REMANDED FOR DISMISSAL.**

        Mark C. Smith, State Appellate Defender, and Michael H. Adams, Public Defender, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Katie A. Fiala and John McCormally, Assistant Attorneys General, for appellee State.

        Considered by Doyle, P.J., Mullins, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

Respondent appeals the district court decision denying his motions to dismiss and for summary judgment on the State's allegation he was a sexually violent predator. Respondent's juvenile adjudication cannot be the basis for a commitment as a sexually violent predator under Iowa Code chapter 229A (2011). We determine the decision of the district court should be reversed and the State's petition should be dismissed.

## I. Background Facts & Proceedings

In 2009, when he was sixteen years old, Jacob Waters was adjudicated to be a juvenile delinquent for engaging in what would have constituted three counts of sexual abuse in the third degree if he had been an adult. The adjudication involved sex acts with three children, ages eleven to fifteen. He was placed at the State Training School. In 2012, he purposely exposed his penis to a nurse and was charged with indecent exposure. Waters was expected to be released from the State Training School on July 15, 2012.

The State filed a petition alleging Waters was a sexually violent predator (SVP) and should be civilly committed under Iowa Code chapter 229A.[1] Waters filed a motion for summary judgment and motion to dismiss asserting he did not meet the definition of a sexually violent predator because he had not been convicted of or charged with a sexually violent offense. *See* Iowa Code § 229A.2(11). He claimed his adjudication as a juvenile delinquent was not the same as a conviction for a sexually violent offense. The State resisted his

---

[1] Dr. Amy Phenix, a psychologist, filed a report stating Waters had been diagnosed with pedophilia, depressive disorder, anxiety disorder, and antisocial personality disorder. Dr. Phenix gave the opinion Waters's overall risk to reoffend was in the high range.

motions. The district court denied the motions, finding the prior juvenile adjudication was statutorily sufficient. The respondent filed an application for interlocutory appeal, which was granted by the Iowa Supreme Court.

## II. Standard of Review

We review a district court's ruling on a motion for summary judgment, as well as a motion to dismiss, for the correction of errors at law. *In re Det. of Stenzel*, 827 N.W.2d 690, 697 (Iowa 2013).

## III. Merits

While Waters's case was pending on appeal, the Iowa Supreme Court issued a decision in *In re Detention of Geltz*, 840 N.W.2d 273 (Iowa 2013). The court determined, "The legislature's failure to explicitly include a juvenile adjudication as a basis for an SVP commitment when that term appears in other statutes is itself evidence of legislative intent to omit such offenses from chapter 229A." *Geltz*, 840 N.W.2d at 278. The court concluded that based on the statutory language in chapter 229A, the legislature intended only to use adult convictions as a basis for SVP commitment. *Id.* at 279. The court held "Geltz cannot be committed as an SVP solely on the basis of his juvenile adjudication for the offense he committed at age fourteen." *Id.* at 280.

Based on the supreme court's decision in *Geltz*, we conclude the district court erred in determining Waters's juvenile adjudication could be the basis for a finding he should be committed as a SVP under chapter 229A. Waters has never been convicted of a sexually violent offense within the meaning of section 229A.2(11).

We determine the decision of the district court should be reversed. We remand the case to the district court for an order dismissing the State's petition under section 229A.4.

**REVERSED AND REMANDED FOR DISMISSAL.**