# IN THE COURT OF APPEALS OF IOWA

No. 14-1521
Filed July 22, 2015

IN RE THE DETENTION OF

**JACOB TROY WATERS,**
Respondent-Appellant.
_____

Appeal from the Iowa District Court for Hardin County, Timothy J. Finn (motion to dismiss) and James C. Ellefson (trial), Judges.

A defendant appeals from the district court's denial of his motion to dismiss and the order following that found him to be a sexually violent predator and committed him to the custody of the director of the Iowa Department of Human Services. **AFFIRMED.**

Adam Gregg, State Public Defender, and Michael H. Adams, Assistant Public Defender, Special Defense Unit, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller and John B. McCormally, Assistant Attorneys General, for appellee.

Considered by Tabor, P.J., McDonald, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

Jacob Troy Waters appeals from the district court's denial of his motion to dismiss and the order following that found him to be a sexually violent predator and committed him to the custody of the director of the Iowa Department of Human Services.

## I. Background Facts and Proceedings

The State filed an Iowa Code chapter 229A (2011) petition against Waters in Hardin County on June 25, 2012. The petition was filed in accordance with Iowa Code section 229A.4(2), and alleged Waters was a sexually violent predator. The petition alleged Waters had exposed himself to a nurse at the state training school in Eldora on May 11, 2011, and had been adjudicated delinquent on three counts of sexual abuse in the third degree when a minor. The petition further alleged he was presently confined in the state training school serving the previous sentence and awaiting trial on the indecent exposure charge. The petition also alleged he suffered mental abnormalities that predisposed him to sexually violent crimes.

On September 27, 2012, Waters filed a motion for summary judgment contending the delinquency adjudications could not be a basis for a chapter 229A detention. The motion for summary judgment was denied. Waters obtained a stay and sought an interlocutory appeal.

Waters was nineteen at the time of the May 11 incident and pled guilty to indecent exposure on January 29, 2013. On February 6, 2013, the State filed a motion for leave to file a late resistance to the motion for interlocutory appeal. In its resistance the State noted that Waters had been convicted on the charge

arising from the May 11, 2012 incident and the applicability or inapplicability of the juvenile adjudication would have no effect. It further asserted that because of the change in circumstances, the State intended to file an amended petition, but none was filed. On April 2, 2013, the supreme court granted Waters's application for interlocutory appeal.

In its appellate brief the State placed no significance on Waters's status as an adult at the time of the May 11 incident. It was only considered as a "recent incident" as required by Iowa Code section 229A.4(2). In its routing statement the State asserted "the State agrees this case presents a substantial issue of first impression. Specifically this case concerns whether juvenile adjudications are convictions for purposes of civil commitment proceedings pursuant to Iowa Code chapter 229A." The State then proceeded to lay out its argument that juvenile adjudications are convictions for purposes of a chapter 229A detention proceeding.

Contrary to the State's position, the supreme court in a ruling dated December 2, 2013, determined that juvenile adjudications are not convictions for purposes of a chapter 229A detention. *In re Det. of Geltz*, 840 N.W.2d 273, 280 (Iowa 2013). On April 25, 2014, the State filed a second chapter 229A action against Waters. The second petition alleged Waters's January 29, 2013 conviction for indecent exposure as an adult. On April 30, 2014, this court remanded the first chapter 229A proceeding for dismissal, citing *Geltz*. *In re Det. of Waters*, No. 12-2284, 2014 WL 1714325, *2 (Iowa Ct. App. Apr. 30, 2014). We mentioned the May 11 incident but did not mention Waters's age at the time or differentiate the Waters's matter from *Geltz. See id.*

Waters filed a motion to dismiss the second April 25 petition, contending that the concept of res judicata bars a reconsideration of his status as a sexually violent predator. The State contended the conviction on the May 11 charge had not been rendered when the first petition was filed and the conviction was a new matter that could not have been presented when the previous petition was filed and therefore the issue had not been adjudicated. The district court concluded that neither collateral estoppel nor res judicata were applicable and denied the motion to dismiss. Probable cause as required in a chapter 229A action was found. The matter was submitted to the court in a trial to the bench on the second petition and after hearing, an order finding Waters had committed a sexually violent crime was entered. The order entered further found Waters suffered from a mental abnormality making it more likely than not that he would engage in acts of a sexually violent nature. Accordingly, he was committed to the director of the department of human services until his abnormality was resolved so that he could be released.

## II. Error Preservation

Error preservation is typically considered present when the issue to be reviewed has been raised and ruled on by the trial court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Waters raised the issue of res judicata in his motion to dismiss, and it has been ruled on by the district court.

## III. Scope of Review

Motions to dismiss a sexually violent predator detention proceeding are reviewed for corrections of errors at law. *In re Det. of Stenzel*, 827 N.W.2d 690, 697 (Iowa 2013).

**IV. Discussion**

Res judicata is the only defense Waters is asserting. To establish res judicata, the party asserting the bar must establish that the previous case involved (1) the same party or parties in privity, (2) the same cause of action, and (3) the same issues. *Iowa Coal Mining Co. v. Monroe Cnty.*, 555 N.W.2d 418, 440-41 (Iowa 1996). The issue in the first petition was whether a juvenile adjudication was a conviction under chapter 229A. In the second petition the State alleged Waters had pled guilty to indecent exposure, a sexually violent crime on January 29, 2013. The plea was entered after the petition in the first proceeding had been filed and was a new fact presenting a new issue. The issue in the first proceeding had been whether a juvenile adjudication was a conviction, but that was not an issue in the second proceeding because of the intervening adult conviction. The issues were not the same. A party is obligated to put forth all matters which could have been presented that support its claim. *Tigges v. City of Ames*, 356 N.W.2d 503, 509 (Iowa 1984). The conviction for indecent exposure had not occurred either at the time the first petition was filed or at the time it was heard.

Waters contends his plea of guilty to the charge of indecent exposure could have been a part of the original proceeding if the State had amended its first petition when the matter was pending on appeal. An appellate court cannot consider matters that were not before the district court when it entered its decision. Iowa R. App. P. 6.801; *Alvarez v. IBP, Inc.*, 696 N.W.2d 1, 3 (Iowa 2005). The adult conviction did not exist at the time of the trial on the first petition alleging Waters was a sexually violent predator, and it was not a matter before

the court of appeals prior to rendering its decision dismissing the petition. Res judicata as a bar is not applicable.

**AFFIRMED.**