# IN THE COURT OF APPEALS OF IOWA

No. 23-1286
Filed February 5, 2025

**JOSHUA FRANK MCCOY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister, Judge.

The applicant appeals the district court's dismissal of his second application for postconviction relief. **AFFIRMED**.

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee State.

Heard by Greer, P.J., and Langholz and Sandy, JJ.

**GREER, Presiding Judge.**

In March 2023, Joshua McCoy applied a second time for postconviction relief (PCR), alleging ineffective assistance of counsel in his first PCR, which related to his 2014 convictions for first-degree murder and first-degree robbery. The district court concluded McCoy's second PCR application was untimely, as it was required to be filed within three years after procedendo issued on his direct appeal on August 13, 2016. McCoy appeals the district court's dismissal, asking this court to apply equitable tolling to avoid the application of the statute of limitations for PCR actions found in Iowa Code section 822.3 (2023). To do so, McCoy argues that either the 2019 amendment to Iowa Code section 822.3[1] did not foreclose the variant of equitable tolling adopted in *State v. Allison*, 914 N.W.2d 866, 891 (Iowa 2019) or that the 2019 amendment is unconstitutional. After our review, we conclude section 822.3 abrogated *Allison* and McCoy has not established the amendment is unconstitutional; as a result, we conclude the district court properly dismissed McCoy's PCR application as time-barred.

**I. Background Facts and Proceedings.**

The facts leading to McCoy's original conviction were previously summarized as follows:

> [Christopher] Byers was shot and killed in his living room while selling marijuana to [Joshua] McCoy and Marquice Morris. When Byers pulled out the bag of marijuana, McCoy and Morris pulled out guns. After the guns came out, one of the men shot at the floor and the other shot Byers in the chest. A criminalist testified that it was most likely McCoy's 9mm gun that shot Byers. An informant testified McCoy and Morris intended to rob Byers. They brought the guns to scare him into handing over money and drugs.

---

[1] *See* 2019 Iowa Acts ch. 140, § 34.

*McCoy v. State*, No. 22-0378, 2023 WL 2395710, at *1 (Iowa Ct App. Mar. 8, 2023). Byers died as a result of his injuries. Because of McCoy's role in Byers's death, McCoy was charged with murder in the first degree, in violation of Iowa Code sections 707.1 and 707.2 (2013), and robbery in the first degree, in violation of sections 711.1 and 711.2. A jury found McCoy guilty on both counts. The district court sentenced McCoy to life in prison for first-degree murder and twenty-five years in prison for first-degree robbery, to be served concurrently. McCoy appealed his convictions, arguing the district court improperly excluded evidence and his trial counsel failed to raise and request the appropriate jury instructions. *See State v. McCoy*, No. 14-0918, 2016 WL 3269458, at *3–6 (Iowa Ct. App. June 15, 2016). We affirmed his convictions on direct appeal. *Id.* at 7. And procedendo issued on August 30, 2016.

On October 17, 2016, McCoy filed his first PCR application. After successive continuances, McCoy's amended application for PCR was denied on February 6, 2022. McCoy appealed. Agreeing with the PCR court that McCoy did not prove ineffective assistance of trial counsel, we affirmed the denial of his application. *See McCoy*, 2023 WL 2395710, at *2. Even before procedendo issued, McCoy filed this second PCR application on March 22, 2023—more than six years after procedendo issued on his direct appeal. The State filed a motion to dismiss, alleging that McCoy's second PCR filing was untimely. After a hearing, the district court granted the State's motion to dismiss, finding McCoy's claims were barred by the three-year statute of limitations in section 822.3. McCoy appeals the dismissal.

## II. Standard of Review.

"Our standard of review for a district court's ruling on a motion to dismiss is for correction of errors at law." *Hedlund v. State*, 875 N.W.2d 720, 724 (Iowa 2016). "For purposes of reviewing a ruling on a motion to dismiss, we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions." *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014). "A motion to dismiss may be granted when the petition's allegations, taken as true, fail to state a claim upon which relief may be granted." *Mueller v. Wellmark, Inc.*, 818 N.W.2d 244, 253 (Iowa 2012).

As a part of his equitable-tolling argument, McCoy challenges the constitutionality of Iowa Code section 822.3, focusing on the language that was added as part of the 2019 amendment of the statute. *See* 2019 Iowa Acts ch. 140, § 34 ("An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods."). Iowa appellate courts "review constitutional challenges to a statute de novo. In doing so, we must remember that statutes are cloaked with a presumption of constitutionality. The challenger bears a heavy burden, because it must prove the unconstitutionality beyond a reasonable doubt." *Star Equip., Ltd. v. State*, 843 N.W.2d 446, 457 (Iowa 2014) (citation omitted).

## III. Discussion.

McCoy makes one central argument on appeal—that we should apply equitable tolling to his otherwise time-barred second PCR application. This is not a novel argument; we have addressed similar requests before. Before June 2018,

Iowa appellate courts consistently declined to apply equitable tolling to section 822.3.[2] The Iowa Supreme Court changed course in *Allison v. State*, adopting some "variant" of equitable tolling. 914 N.W.2d 866, 891 (Iowa 2018). Only one year later, in 2019, the legislature amended section 822.3:

> *An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods*. Facts within the personal knowledge of the applicant and the authenticity of all documents and exhibits included in or attached to the application must be sworn to affirmatively as true and correct. The supreme court may prescribe the form of the application and verification. The clerk shall docket the application upon its receipt and promptly bring it to the attention of the court and deliver a copy to the county attorney and the attorney general.

Iowa Code § 822.3 (Supp. 2019) (emphasis added to highlight amendment). Since this amendment, our courts have declined to apply any type of equitable tolling to avoid the time-bar in section 822.3, regardless, McCoy now argues either that section 822.3 did not abrogate *Allison* or the statute is unconstitutional following the addition of the language prohibiting equitable tolling.[3] Essentially, he asks us

---

[2] *James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014); *McCullough v. State*, No. 17-0434, 2018 WL 346463, at *1 (Iowa Ct. App. Jan. 10, 2018); *Long v. State*, No. 16-1220, 2017 WL 2684345, at *2 (Iowa Ct. App. June 21, 2017); *Harrington v. State*, No. 16-0953, 2017 WL 2684340, at *1 (Iowa Ct. App. June 21, 2017); *Perdue v. State*, No. 15-1237, 2016 WL 4036173, at *1 (Iowa Ct. App. July 27, 2016); *Weatherly v. State*, No. 15-0681, 2016 WL 1366827, at *1 (Iowa Ct. App. Apr. 6, 2016); *Everett v. State*, No. 12-1032, 2014 WL 3749338, at *2 (Iowa Ct. App. July 30, 2014); *Majors v. State*, No. 12-1090, 2013 WL 2637599, at *5 (Iowa Ct. App. June 12, 2013); *Fagan v. State*, No. 10-0739, 2012 WL 3854635, at *1 (Iowa Ct. App. Sept. 6, 2012); *Rieflin v. State*, No. 11-1044, 2012 WL 3590453, at *2 (Iowa Ct. App. Aug. 22, 2012); *Friedrich v. State*, No. 10-1250, 2011 WL 2112783, at *2 (Iowa Ct. App. May 25, 2011); *Lawrence v. State*, No. 10-1238, 2011 WL 768785, at *2 (Iowa Ct. App. Mar. 7, 2011);*Stringer v. State*, No. 08-0188, 2008 WL 5235491, at *2 (Iowa Ct. App. Dec. 17, 2008).

[3] McCoy asks this court to implement equitable tolling for PCR ineffective-assistance-of-counsel claims on policy grounds. We decline to address McCoy's

to conclude a variant of equitable tolling survived the 2019 amendment and remains good law.

McCoy relies on the tenets of *Allison*, advocating for this court to apply some version of "equitable tolling." *See* 914 N.W.2d at 891. *Allison*, according to McCoy, "did not expressly adopt a strict equitable tolling rule," but instead the holding supported a "'variant' of equitable tolling that was not undone by the legislature's 2019 amendment to section 822.3." As this court did in a published case in 2022, we reject McCoy's argument. *See Brooks v. State*, 975 N.W.2d 444, 446 (Iowa Ct. App. 2022). The intent of the legislature is clear, the 2019 amendment to section 822.3 abrogated *Allison,* ending any application of a "variant" of equitable tolling. But to clear any haze on the subject, in *Brooks*, we stated, "[The 2019 amendment to section 822.3] abolished the relation-back doctrine for ineffective-assistance claims in second PCR proceedings. Our court has repeatedly noted that the amendment to section 822.3 'appears to abrogate *Allison*.' Today we are definitive: the amendment invalidated *Allison* as applied to [the applicant's] belated PCR application." 975 N.W.2d at 446 (internal citations omitted); *see also Sandoval v. State*, 975 N.W.2d 434, 436 (Iowa 2022) (recognizing "the general assembly amended section 822.3 and abrogated *Allison*"). We are bound by this precedent; *Allison* was definitively abrogated by the 2019 amendment to section 822.3.

---

arguments to why this court should adopt equitable tolling as "[w]e cannot judicially revise the Iowa Code in the guise of interpretation." *In re Det. of Geltz*, 840 N.W.2d 273, 280 (Iowa 2013). "Policy arguments to amend the statute should be directed to the legislature." *In re Est. of Whalen*, 827 N.W.2d 184, 194 (Iowa 2013).

Having found that the variant of equitable tolling under *Allison* is no longer good law given the legislative change, we address McCoy's constitutional arguments. As he frames it, without the availability of equitable tolling in his situation, section 822.3 cannot square with Sixth and Fourteenth Amendments of the United States Constitution and article I, section 10 of the Iowa Constitution. McCoy invites us to find section 822.3 unconstitutional in light of the discussion in *Allison* over the entitlement to effective assistance of PCR counsel.[4] *See* 914 N.W.2d at 890–91. But, as the *Allison* dissent noted, the "winding road" analysis of the constitutional issues "leads nowhere because the majority acknowledge[d] the result it reach[ed] [was] not constitutionally compelled." *Id.* at 896 (Waterman, J., dissenting). Because, as the State points out, McCoy's right to effective assistance on PCR comes not from a constitutional right, but from a statute. *See Lado v. State*, 809 N.W.2d 248, 250 (Iowa 2011); *see also* Iowa Code § 822.5.

And *Allison* did not expressly overrule the previous cases that squarely addressed the constitutionality of section 822.3, upholding "the constitutionality of

---

[4] Counsel at oral arguments addressed the delays occurring in PCR cases across our state and referenced a footnote in the dissent of *Ruiz v. State*, No. 24-0085, 2024 WL 3887241, at *3 n.5 (Iowa Ct. App. Aug. 21, 2024) (Tabor, C.J., dissenting), where the dissent quoted from our chief justice's 2023 Condition of the Judiciary address stating that the shortage of state public defender contract attorneys "delays justice." In the 2025 Condition of the Judiciary address, the chief justice again emphasized the unresolved problem by noting "our chief judges across the state are imploring Iowa attorneys to sign up for court appointed work with little success because, we are told, attorneys won't work at our low state rate when they have clients who can pay a competitive hourly rate." Susan Larson Christensen, Chief Justice of the Iowa Supreme Court, 2025 Condition of the Judiciary (Jan. 15, 2025), https://perma.cc/AD56-SJ37. While we cannot solve this issue here—nor does it affect our constitutional analysis—we agree that a strong stable of contract attorneys and public defenders remains critically important to provide effective assistance to indigent Iowans in PCR cases, just as in other court-appointed cases.

[section 822.3]," including its three-year time bar for PCR applications. *Perez v. State*, 816 N.W.2d 354, 360 (Iowa 2012) (citing *Davis v. State*, 443 N.W.2d 707, 710 (Iowa 1989)). Separately, the court upheld statutory time limits in chapter 822, finding "[a] legitimate concern is that the process . . . end[s] within [a] reasonable time limit[]" and recognizing "that due process requires that the interest of the [S]tate and the defendant be balanced in determining the reasonableness of a period of limitations." *Davis*, 443 N.W.2d at 710. After completing that balancing test, our supreme court concluded that limiting a PCR applicant to a three-year window "provides a valid opportunity for persons to challenge their convictions" and did not violate the applicant's federal or state due process rights. *Id.* at 710–11.

Before the 2019 amendment, both *Perez* and *Davis* specifically upheld section 822.3 as constitutional; a provision which did not afford PCR applicants relief through equitable tolling. *Perez,* 816 N.W.2d at 360; *Davis*, 443 N.W.2d at 711. It was *Allison* that implemented some subspecies of equitable tolling, yet before *Allison*, this court found section 822.3 constitutional while repeatedly declining to apply equitable tolling to section 822.3.

McCoy asserts without direct authority that the current iteration of section 822.3 violates the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 10 of the Iowa Constitution. On a similar challenge discussed in *Johnson v. State*, we observed:

> Johnson does not identify—and we cannot find—anything in the text of the Sixth Amendment that would prohibit a statutory time limit on PCR actions. And Johnson does not cite, and we have not found, any case that has recognized such a prohibition. Instead, our courts have refused to hold section 822.3 unconstitutional. *See, e.g.*,

> *Thompson*[ *v. State*, No. 19-0322], 2020 WL 2060310, at *3 [(Iowa Ct. App. Apr. 29, 2020)] (declining to "declare Iowa Code section 822.3 unconstitutional for violating [the applicant's] right to due process and his right to counsel under both the United States and Iowa Constitutions"). Johnson has shown no good reason to do otherwise.
>
> As for equitable tolling, "this court has frequently held that equitable tolling does not apply to section 822.3." *See Smith v. State*, No. 19-0384, 2020 WL 110398, at *1 & n.2 (Iowa Ct. App. Jan. 9, 2020) (collecting cases). And Johnson has shown no reason to take a different path.

No. 19-1949, 2021 WL 210700, at *4 (Iowa Ct. App. Jan. 21, 2021) (third alteration in original); *see also Quinn v. State*, No. 20-0918, 2022 WL 947002, at *3 (Iowa Ct. App. Mar. 30, 2022) (discussing *Johnson* and other cases). Because McCoy failed to set forth a test or specific constitutional provision as a lens for our court to view the legislative action, we decline to provide one for him. So, we apply the language of section 822.3 as we did before *Allison*; noting our binding precedent suggests this application has been consistent with state and federal constitutional law. *See Lado*, 804 N.W.2d at 250 ("Lado, however, has a statutory, not constitutional right to effective assistance of counsel on postconviction relief."); *see also Fuhrmann v. State*, 433 N.W.2d 720, 722 (Iowa 1988) ("[W]e detect no state or federal constitutional grounds for counsel in such a proceeding.").

## IV. Conclusion.

Because the 2019 amendment to section 822.3 abrogated *Allison* and McCoy has not established the amendment is unconstitutional, the district court did not err when granting the State motion to dismiss McCoy's second PCR application as time-barred. In sum, we affirm the decision of the district court.

**AFFIRMED.**